# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT A. CRAFT, )<br>)<br>   Plaintiff, )<br>)<br>v. )<br>)<br>QUAKER MANUFACTURING, LLC, )<br>and SUSAN REYNOLDS, individually, )<br>)<br>   Defendants. ) | Case No. 3:21-cv-03098-SEM-TSH<br><br>Judge Sue E. Myerscough |

## DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

Defendants, Quaker Manufacturing, LLC ("Quaker") and Susan Reynolds ("Reynolds") (collectively "Defendants"), by and through their attorneys, respectfully request that Plaintiff Robert Craft's ("Plaintiff") Complaint be dismissed in its entirety pursuant to Rules 12(b)(1) and/or 12(b)(6) of the Federal Rules of Civil Procedure. In support of their Motion, Defendants state as follows:

  1.  This is an action brought by a former employee of Quaker, seeking to maintain a number of different alleged federal and Illinois common law claims. In particular, Plaintiff's Complaint seeks to maintain thirteen (13) Counts, including:

    I.  Title VII (race discrimination) against Quaker
    II.  Title VII (race retaliation) against Quaker
    III.  Title VII (gender discrimination) against Quaker
    IV.  Title VII (gender retaliation) against Quaker
    V.  ADEA (age discrimination) against Quaker
    VI.  ADEA (age retaliation) against Quaker
    VII.  Common Law Retaliation against Quaker
    VIII.  Workers' Compensation Retaliation against Quaker
    IX.  Common Law Hostile Work Environment (race, color, gender, age, exercising rights under workers' compensation law and exercising his union rights) against Quaker
    X.  Section 1983 (violation of First Amendment rights) against Quaker
    XI.  Defamation against Defendants
    XII.  False Light against Defendants
    XIII.  Violation of Weingarten Rights against Defendants

2.     Counts I through VI should be dismissed because Plaintiff has failed to plead any facts that, if accepted as true, would establish plausible claims under the federal EEO laws upon which the claims are based. Plaintiff's 28-page Complaint contains over 150 paragraphs, yet it fails to set forth a single fact that, if accepted as true, would show that Plaintiff has plausible claims for discrimination, a hostile work environment and/or retaliation based on his status as a Caucasian male who was over the age of 50, or any sub-category of that EEO designation. Rather, if accepted as true, the Complaint concedes that Plaintiff's employer received a report from Plaintiff's co-worker, who reported that he had heard Plaintiff state that America's first African American President should be hung from a tree, and he was discharged as a result. The Complaint fails to allege that there was any race, gender, and/or ageist conduct that would establish that Plaintiff has pled a plausible hostile work environment claim or that he was discharged for complaining about such matters.

3.     Count VII, Common Law Retaliation, should be dismissed because there is no cognizable common law claim in Illinois for EEO violations. Such claims are preempted by the Illinois Human Rights Act. Similarly, there is no cognizable common law claim in Illinois for the violations of rights secured by the National Labor Relations Act (the "NLRA"). The National Labor Relations Board ("NLRB") has exclusive jurisdiction over alleged unfair labor practices, and this Court lacks the authority to provide a remedy for Plaintiff. Count VII also fails to state a claim because there is no common law remedy for retaliatory *harassment* on the basis of exercising rights under the Illinois Workers' Compensation Act ("IWCA").[1] The sole common law remedy that is available for employment retaliation for requesting workers' compensation

---

[1] Count VII also alleges that Plaintiff was discharged for exercising rights under the IWCA as one of several bases for this claim; however, Count VIII is exclusively devoted to Plaintiff's common law retaliation (discharge) claim. This renders the sole actionable basis for Count VII duplicative and, therefore, ripe for dismissal at the pleading stage.

benefits applies to retaliatory discharges.

4. Count VIII should be dismissed because the Complaint is devoid of any causational facts which, if accepted as true, would establish a plausible claim for workers' compensation retaliation.

5. Plaintiff's common law hostile work environment claims (Count IX) based on Plaintiff's EEO status, exercise of rights under the IWCA, and exercise of rights under the NLRA should be dismissed for the same reasons as Count VII and because Illinois does not recognize such claims.

6. Count X (Section 1983 - First Amendment violation) should be dismissed because the prohibitions on constraints on free speech set forth in the U.S. Constitution apply only to public employers, not private sector employers such as Quaker.

7. Plaintiff's defamation claim (Count XI) fails for three (3) reasons. First, Plaintiff's complaint that Reynolds (Human Resources) discussed her investigation findings with Quaker decision-makers and union officials concerns rights and obligations that flow from the collective bargaining agreement between Quaker and Plaintiff's union. Federal labor law bars an employee's private action that would require a court to interpret a collective bargaining agreement. Second, even if the Labor Management Relations Act did not bar this claim, conversations among Quaker's agents are not third party publications. Nor are discussions between Quaker officials/agents and Plaintiff's statutory agents (union) third party disclosures. Third, the allegation that Reynolds publicized that Plaintiff was "guilty of being a racist" is merely an opinion that cannot serve as the basis for a defamation claim. Plaintiff's additional allegation that Reynolds stated that Plaintiff had for certain made racist comments is merely context for the alleged opinion at issue.

8.   Count XII (false light) fails for the same reasons as Plaintiff's defamation claims (*see* Paragraph 7, *supra*).

9.   Plaintiff's claim for alleged violations of his Weingarten Rights (Count XIII), as outlined in *NLRB v. Weingarten Inc.*, 420 U.S. 251 (1975), is barred because the NLRB has exclusive jurisdiction to remedy alleged unlawful labor practices of private sector employees.

10.   In further support of their Motion, Defendants herewith submit their Memorandum of Law.

WHEREFORE, Defendants, Quaker Manufacturing, LLC and Susan Reynolds, respectfully request that Plaintiff's Complaint be dismissed with prejudice, or that judgment be entered in Defendants' favor and against Plaintiff, and that Defendants be granted their costs and fees and such further and additional relief as the Court deems just and proper.

Date: July 19, 2021                                QUAKER MANUFACTURING LLC and
                                                   SUSAN REYNOLDS

                                                   By:   /s/ Brian K. Jackson
                                                         One of Their Attorneys

Brian K. Jackson (6286470)
Laner Muchin, Ltd.
515 North State Street, Suite 2800
Chicago, Illinois 60654
(312) 467-9800 / (312) 467-9479 (fax)
bjackson@lanermuchin.com

**CERTIFICATE OF SERVICE**

    I, Brian K. Jackson, an attorney, hereby certify that on July 19, 2021, I caused a copy of the foregoing **Defendants' Motion to Dismiss the Complaint**, in the above-captioned matter to be filed with the Clerk of the District Court and served on the parties of record, including those listed below, by operation of the Court's CM/ECF electronic filing system, addressed to:

> John C. Kreamer
> Joseph E. Urani
> Kreamer Law Group, LLC
> 1100 E. Warrenville Rd., Suite 135
> Naperville, IL 60563
> (p) (630) 995-3668/ (f) (630) 597-9532

    /s/ Brian K. Jackson